# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES JACKSON** : | **CIVIL ACTION** |
|  : |  |
| **v.** : |  |
|  : |  |
| **ROBERT L. WILKIE, Department Head,** : |  |
| **THE DEPARTMENT OF VETERANS** : |  |
| **AFFAIRS SECRETARY OF** : |  |
| **VETERANS AFFAIRS** : | **NO.   20-1275** |

## MEMORANDUM

**Savage, J.**                                                                                                              **July 9, 2020**

*Pro se* plaintiff Charles Jackson has filed this employment discrimination action against Robert L. Wilkie in his capacity as United States Secretary of Veterans Affairs.[1] He has moved to proceed *in forma pauperis*. Because it appears that he is not capable of paying the fees to commence this civil action, he will be granted leave to proceed *in forma pauperis*. Pursuant to our obligation to screen the complaint, we shall dismiss it without prejudice.

## Factual Allegations

In Jackson's sparse Complaint, he appears to base his claims upon his termination from an unspecified position with the Department of Veteran Affairs. Jackson states that the jurisdictional basis for his claims is "reprisal termination based on civil rights (retaliation termination)."[2] He alleges that he "was fired from the Philadelphia Veteran's

---

[1] The caption lists the defendant as "Robert L. Wilkie Department Head the Department of Veterans Affairs Secretary of Veterans Affairs." We understand this to refer to Wilkie and his title, rather than to several separate defendants. Wilkie is the only defendant listed on page two of plaintiff's Complaint. *See* Compl. at 2 (Doc. No. 2).

[2] *Id.*

Regional Office after be [*sic*] convicted of a misdemeanor that [he] had already to [*sic*] them on the employment paper before being hired."[3]  Jackson seeks back pay, reinstatement and damages "for the wrongful termination."[4]

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss his Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements do not suffice."  *Id.*  Because Jackson is proceeding *pro se*, we construe his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## Discussion

To make out a cause of action for discrimination under Title VII, a plaintiff must plead: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) nonmembers of the protected class were treated more favorably under circumstances giving rise to an inference of unlawful discrimination. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788 n.5, 791 (3d Cir. 2016) (citations omitted).

To establish a *prima facie* case of retaliation, Jackson must demonstrate that: (1)

---

[3] *Id.* at 3.

[4] *Id.* at 4.

he engaged in a protected activity; (2) his employer took adverse employment action against him after or contemporaneously with his protected activity; and (3) there was a causal connection between his protected activity and the adverse employment action. *Daniels v. School Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015) (citations omitted).

Even under the most liberal reading, Jackson's Complaint fails to allege a plausible claim for employment discrimination or retaliation. The Complaint supplies no information about his claims.  It does not allege what happened, when it happened, and how it happened.  There is nothing from which one could discern a plausible claim for unlawful termination.

Jackson's only factual assertion is that he was terminated because he had been convicted of a misdemeanor.  Termination from employment because one was convicted of a crime does not, without more, provide a plausible basis for an employment discrimination or retaliation claim.  *See Saunders v. Apothaker & Assocs., Inc.*, 556 F. App'x 98, 102 (3d Cir. 2014) (per curiam) (rejecting employment discrimination claim where plaintiff was terminated following an "unfavorable background check consisting of a felony conviction for a crime of dishonesty and a failure to pay off restitution"); *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (per curiam) (affirming dismissal of complaint where plaintiff failed to provide "details on what position she applied for, how

she was qualified for the position, and what protected classes she belongs to").

## Conclusion

Because Jackson has failed to allege facts that, if proven, would entitle him to relief for unlawful termination, we shall dismiss his Complaint without prejudice for failure to state a claim. We shall also allow him to file an amended complaint within thirty days in an attempt to cure the deficiencies described in this Memorandum.

/s/ TIMOTHY J. SAVAGE J.